## BERRY v. WILLIAMS.

1. In a summons in forcible entry and detainer, it is not necessary that return must be within 15 days of teste—that regulation only applies to justices' courts.

2. In complaint in such case it is a sufficient setting forth of complainant's estate to allege "that he was possessed as tenant for years of a leasehold estate not yet ended."

3. A Sheriff may amend a return to a venire after it has been actually returned, by adding the name of a juror summoned and present, but omitted in the panel.

4. If any evidence of possession is submitted to a jury, this Court on *Certiorari* will not interfere with their verdict.

5. The force necessary to constitute the offence of forcible entry must be more than the mere technical force necessary to constitute a trespass—but it is not necessary that it should excite fear of personal danger. Entering with actual force or controlling force is sufficient—whether the facts amount to actual force, is a question to be submitted to the jury.

6. What is a sufficient charge to the jury in such case?

In forcible entry and detainer on *Certiorari* to Justice Doremus.

Williams, on the 4th Sept., 1847, filed a complaint against Berry, the defendant below, for the forcible entry and detainer of certain premises described in the said complaint as a school house, &c., "in which school house and lot" the complainant alleged "he was possessed as tenant for years of a lease-hold estate not as yet ended." The Justice on the same day issued a summons and also a venire, each returnable on the 20th of Sept. then instant. The parties appeared, and the defendant pleaded not guilty. The Justice states in his transcript, that the parties being at issue, he proceeded to call the jury, when twelve named in the panel and duly summoned appeared. The counsel for the defendant then objected to any further proceedings : Because there was more than 15 days between the teste and return. And because after the Sheriff had returned the venire he was permitted to amend by adding to the panel the name of Tunis Bogert, a juror duly summoned and attending, but omitted in the panel. The justice overruled these objections, and directed

the cause to proceed. The jury found the defendant guilty.

The following state of the case was agreed upon by the counsel of the respective parties:

Williams, the complainant before the Justice, was at the time of the injury complained of, a Teacher, employed by the Trustees of the Mount Pleasant new School House, to teach in their house, and was at the time in possession of the *New School* House, where he had then taught about two and a half years. That he was employed by the quarter at the pay of $70 per quarter, and was on the 14th of August, A. D., 1847, during the quarter teaching school in the new School House. That before the new School House was built, he had been in possession of the *old* Mount Pleasant School House, an old building situate near to the *new* School House, belonging to a different set of Trustees, by whom he had been employed some years previous on similar terms as a teacher. That when the new building was finished, he moved his school out of the *old* building into the *new one,* but until the injury complained of, he continued to occupy the old School House, by keeping his coal, wood, and water-pail in it. He also kept there the desk, benches, and stove, belonging to the *old School* House, which were left there by the Trustees of the old School House. It was also used to keep in it such benches belonging to the *new School* House as were only occasionally used there. It was also used as a play room by the children. The complainant generally attended to shutting the door at night, but the door was never kept locked, after he went into the new School House, and sometimes was left open all night. The complainant had no lease of the old or new School House, but was engaged from quarter to quarter.

That on the morning of Saturday, 14th August, 1847, the defendant, with his son and black servant, entered the old School House, (which is the building in the complaint mentioned) by the door, without breaking, or force, and without threats, tumult or violence of any kind, in the absence of the complainant, no other person besides the three above referred to, being there, and then put out of said house and off the premises the coal, wood, stove, benches, desks and pail, so as aforesaid kept

in said house, closed the door, put a lock upon it, locked it and went away.

That afterwards on the same morning, two of the Trustees of the old building, at the request of the complainant, came to it for the purpose of putting a lock upon the door. They saw the lock which had been put there by the defendant, and put on an additional lock, and without opening the door locked it and went away with the key of their lock. That John W. Berry on Monday morning, the 16th of August, A. D., 1847, came to the old School House in company with Abraham Cronk, the complainant not being there, and without any threats or tumult, took the lock which had been put on by the Trustees, from the door, by drawing the staple which held it, unlocked his own lock, of which he had the key, removed out of the old School House his own wheel-barrow, which he had left there on Saturday, and put Cronk in as his tenant, who from thence continued to hold possession under him.

The defendant requested the Judge to charge the jury:

1. That in addition to the force requisite to constitute an ordinary trespass, such words, circumstances or actions as have a natural tendency to excite fear or apprehension of danger, must be proved, to render a person guilty of forcible entry and detainer.

2. That it is necessary to prove actual possession of the complainant in the premises at the time when the entry was committed. That if he had no property there, and was not there himself in actual possession, the verdict must be for the defendant.

3. That it must be proved that the complainant has some estate in the premises, and if he had no estate or possession, or right of possession, the verdict must be for the defendant; that constructive possession was not sufficient. Whereupon the Court charged the Jury as follows:

As to the bodily fear the Court does not know what the statute means—but the statute says if a man detain or hold the same with force or strong hand or with weapons, or by breaking open the doors, windows, or other part of a house, whether any person be in it or not, or by any kind of violence whatever, or by threatening to kill, maim, or beat the parties out of posses-

sion, or by such words, circumstances or actions as have a natural tendency to create fear or apprehension of danger, or by putting out of doors or carrying away the goods of the party in possession, he is guilty of forcible entry and detainer.

The Court further charged, that it can't be possible that the law supposes in all cases that the complainant should be in fear of bodily danger. If the circumstances were such as might have put him in bodily fear *if he was present*, the Court believe that was what the statute meant.

The Court further charged that if a person was in the house of another man, that man may suppose bodily fear or danger.

2. That as to the goods in the house being the goods of the complainant, if they were in his charge and possession, they must be considered his, for the purpose of the suit.

3. As to actual possession, it is necessary that it should be proved to be in the complainant.

It is further agreed, as a part of the foregoing state of the case, that on the return of the venire before the Justice, and after the Sheriff had duly returned said venire with panel of 12 names annexed, upon calling said panel one of the jurors therein named did not appear: whereupon the venire was handed by the Court to the Sheriff to amend his return thereto; the Sheriff added the name of Tunis Bogert to the said panel, (the defendant objecting thereto) who was then present, and whom the Sheriff had summoned with the others, but had omitted to return in the panel.

Argued before NEVIUS and CARPENTER, JJ.

*J. D. Miller*, for plaintiff.

*Zabriskie*, for defendant.

CARPENTER, J.   The plaintiff in *Certiorari* has moved to reverse for several reasons, which may properly be considered in the same order in which presented.

1. That the summons is irregular, there being more than fifteen days between the teste and the return.   This is an objec-

tion drawn from the 8th section of the Small Cause Act, (*Rev. Stat.* 231); but the provision only applies to process issued under that act. It is therefore no cause for reversal.

2. That the complaint does not set out the estate of complainant in the premises. This is an objection that does not seem to be supported in point of fact. The complainant alleges in his complaint that he was possessed of the premises as tenant for years of a leasehold estate not yet ended.

3. It is objected that the Sheriff, after he had returned the venire, was permitted to amend his return by adding the name of a juror to the panel. But it is stated in the transcript of the justice as well as in the case agreed upon, that the juror whose name was so added had been duly summoned with the others and was then present, his name having been merely omitted on the panel. The books cited shew that this was permitted, in accordance with authority, as well as with obvious propriety and sound principle. *Watson's Sheriff,* 71, (*Law Lib.*); *Sewall,* 385, (*Law Lib.*)

4. Again it was said that there was no evidence of actual possession. The case expressly says that the complainant, previously in possession, continued to occupy the old school house until the injury complained of. The jury were rightly instructed by the justice that actual possession must be proved in the complainant: from the case itself, it certainly appears that there was some evidence of possession, and we will not interfere with their finding.

5. It is said that there was no evidence of such force as is contemplated by the statute on which this process was founded; that there was no proof of threats, intimidation or force, or of any circumstance the tendency of which was to excite fear or apprehension. The words of the statute are, that if any person shall enter upon any lands, &c., and detain or hold the same with force or strong hand, or with weapons, or by breaking open the doors, windows, or other parts of a house, whether any person be in it or not, or by any kind of violence whatsoever, or by threatening to kill, maim, or beat, the party in possession, or by such words, circumstances, or actions, as have a natural tendency to excite fear, or apprehension of danger, or by putting

out of doors, or carrying away, the goods of the party in posses-
sion, or by entering peaceably, and then turning by force, or
frightening by threats or other circumstances of terror, the party
out of possession ; any person so offending shall be guilty of a
forcible entry and detainer. *Rev. Stat.* 77, § 2. The sound
construction of this statute in regard to the force necessary to
constitute this offence, is to be found in the well considered case
of *Butts* v. *Voorhees*, 1 *Green.* 13. It was there held in accord-
ance with the common law doctrine, which is simply embodied
in this statute, that there must be more than the technical force
which will constitute trespass, and that there must be actual
force or threats, or other circumstances calculated to excite fear
or apprehension of danger. But undoubtedly actual force, con-
trolling force or violence, which will constitute this offence,
may exist without producing any apprehension of personal dan-
ger in the mind of the person removed or kept out of his prem-
ises. It will be sufficient if he submit, upon, or in consequence
of apparent inability to resist the physical force arrayed against
him, without it being shewn or inferred that he was under fear
of personal injury. In the present case a forcible entry was
made by the defendant, accompanied and aided by the physical
force of two other persons, who with the defendant, put out
of the building and off of the premises the goods of the com-
plainant, closed the door and then fastened it. Subsequently
the defendant placed another person as his tenant, in possession
of the premises thus seized by force, excluding by this means
the complainant from the possession. The degree of force and
violence, possibly of terror, which may have accompanied these
acts, necessary to constitute a forcible entry and detainer, was
for the jury. They are such acts as might be submitted to the
consideration of the jury : if properly submitted to the jury their
finding is conclusive.

6. But lastly, the justice was required to charge the jury, and
the propriety of his charge is drawn in question. I do not sup-
pose, that if called upon to charge the jury as to the proper
construction of the statute, upon a point really presented by
the case, that merely reading the statute would be sufficient.
Reading the statute is no explanation of it. Although so held

by a majority of the court in a case of a very doubtful authority. *Pullen* v. *Boney*, 1 *South.* 125. Yet it was held otherwise in *Broadwell* v. *Nixon*, 1 *South.* 362, and also in *Boylston* v. *Valentine*, 1 *Har.* 346. But in this case, the justice did charge the jury, and upon every point, so far as I can see, involved in the case, upon which a charge was requested. He charged that actual possession in the complainant must be proved. He charged that actual violence or circumstances of terror must be shown. He charged, and in my opinion, rightly, that it is not necessary to show in all cases that the complainant was in fear of bodily danger, if the circumstances were such, as were calculated, had he been present, to put him in fear; a point, however, scarcely called for under the construction of the statute already propounded; some of the facts stated being among the very circumstances of violence enumerated in the statute as those which may constitute the offence.

In regard to the evidence necessary to support the verdict, so far as this point comes in question, it has been considered in the remarks already made. But the evidence is not given, and its weight, and whether sufficient to support the verdict, therefore (a) cannot be made the subject of our consideration.

I am of opinion this judgment must be affirmed.

NEVIUS, J. concurred.

---

(a) This court will not *on Certiorari*, examine or weigh evidence, or set aside verdict because it is against evidence. *Andrews* v. *Andrews*, 2 *Green*, 141; *Baldwin* v. *Simmons*, 4 *Halst.* 196.